# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| *SENTRY SELECT INSURANCE COMPANY,* | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) **Case No.**<br>) |
| *STEVEN HOLDEMAN and SARAH HOLDEMAN*<br>Serve at:<br>104 West Pine St.<br>Orrick, MO 64077 | )<br>)<br>)<br>)<br>)<br>) |
| *PHILIP STRATMAN and KATHY STRATMAN*<br>Serve at:<br>14719 Navaho Dr.<br>Olathe, KS 66062 | )<br>)<br>)<br>)<br>)<br>) |
| *HARIS TROKIC,*<br>Serve at:<br>2518 Lemay Ferry Rd.<br>St. Louis, MO 63125 | )<br>)<br>)<br>)<br>) |
| *C & G EXPRESS, L.L.C.,*<br>Serve Frank Stogsdill at:<br>13265 Corporate Exchange Drive<br>Bridgeton, MO 63133 | )<br>)<br>)<br>)<br>) |
| *LONG RUN EXPRESS, L.L.C.,*<br>Serve Hazel Burris at:<br>16 Olive Road<br>Buffalo, MO 65622 | )<br>)<br>)<br>)<br>) |
| *XTRA LEASE L.L.C.,*<br>Serve CT Corporation System at:<br>120 South Central Ave.<br>Clayton, MO 63105 | )<br>)<br>)<br>)<br>) |
| and | )<br>) |

5892915.1

| | |
|---|---|
| **ROGER BROWN** | ) |
| Serve at: | ) |
| 6046 Yale Avenue, | ) |
| St. Louis, MO 63117 | ) |
| | ) |
| Defendants. | ) |
| | ) |

# COMPLAINT FOR DECLARATORY JUDGMENT

Sentry Select Insurance Company, by its attorneys, pursuant to Rule 57[1] and 28 U.S.C. § 2201, states as follows:

## JURISDICTION AND VENUE

1. Sentry Select Insurance Company (hereinafter "Sentry") is an insurance company incorporated under the laws of the State of Wisconsin with its principal place of business at 1800 North Point Drive, Stevens Point, Wisconsin. It is duly authorized to issue policies of insurance in the State of Missouri.

2. Upon information and belief, defendants Steven Holdeman and Sarah Holdeman are individuals residing in Ray County, Missouri.

3. Upon information and belief, defendants Philip Stratman and Kathy Stratman are individuals residing in Johnson County, Kansas.

4. Upon information and belief, defendant Haris Trokic is an individual residing in the State of Missouri.

5. Upon information and belief, defendant C&G Express, LLC is a limited liability company organized under the laws of the State of Missouri, with none of its members being citizens of Wisconsin, with its principal place of business in the State of Missouri.

---

[1] All rule references are to the Federal Rules of Civil Procedure (2015).

2

5892915.1

6. Upon information and belief, defendant Long Run Express, LLC is a limited liability company organized under the laws of the State of Missouri, with none of its members being citizens of Wisconsin, with its principal place of business in the State of Missouri, and a physical address at 13265 Corporate Exchange Drive, Bridgeton, Missouri 63044.

7. Upon information and belief, defendant XTRA Lease, LLC is a limited liability company organized under the laws of the State of Missouri, with none of its members being citizens of Wisconsin, with its principal place of business in the State of Missouri.

8. Upon information and belief, defendant Roger Brown is an individual residing in the State of Missouri.

9. When a complaint seeks declaratory relief, "it is well established that the amount in controversy is measured by the value or the object of the litigation." *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 833 (8th Cir. 2005). In declaratory judgment actions involving the coverage provided by an insurance policy, the value or object of the litigation is the "potential liability under the policy." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1252-53 (5th Cir. 1998).

10. In their Third-Party Petition, discussed in detail *infra*, Philip and Kathy Stratman have alleged their underlying claims have a settlement value of $2,000,000. (Third-Party Petition, ¶ 26, filed in *Holdeman v. Stratman, et al.*, 1416-cv24925 attached hereto as *Exhibit 1.)*

11. The Stratmans have specifically claimed damages against Haris Trokic, C&G Express, LLC, and Long Run Express, LLC, in excess of $100,000. (*See id.* at ¶¶ 50, 57, 63, and 70.)

3

5892915.1

12. This Court has original jurisdiction over this matter under 28 U.S.C. § 1332(a), because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

13. There is a current case and controversy between the parties to this action. This Complaint for Declaratory Judgment is initiated pursuant to Rule 57 and the Federal Declaratory Judgment Act, codified at 28 U.S.C. § 2201, to obtain a declaration of Sentry's legal obligations under insurance policies issued to Long Run Express, LLC and C&G Express, LLC, in light of Sentry's previous exhaustion of the policies' limits by virtue of settlement with Steven Holdeman, Sarah Holdeman, Phillip Stratman, and Kathy Stratman for the liability limits of those policies.

14. Venue is proper in the United States District Court for the Eastern District of Missouri under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Sentry's claim for declaratory judgment occurred in this judicial district, including both policies being issued to parties residing within this judicial district.

## FACTUAL BACKGROUND

<u>Insurance Policies</u>

*Long Run Policy*

15. Sentry issued Policy Number CT751117001 to Long Run Express, LLC for the period of March 1, 2013 to March 1, 2014 (hereinafter the "Long Run Policy"). A certified copy of the Long Run Policy is attached hereto as *Exhibit 2*.

16. Sentry issued the Long Run Policy to Long Run Express, LLC, 13265 Corporate Exchange Drive, Bridgeton, Missouri 63044.

5892915.1

17. The Long Run Policy contains Commercial Automobile Coverage and Commercial Inland Marine Coverage.

18. The limit of liability for Commercial Auto Coverage, as designated in the Declarations page, is $1,000,000.

19. The Commercial Auto portion of the Long Run Policy, designated as "Motor Carrier Coverage Form," provides, in relevant part:

**SECTION II – LIABILITY COVERAGE**

**A. Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

…

We will have the right and the duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

…

**C. Limit Of Insurance**

Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for the total of all damages and "covered pollution cost or expense" combined, resulting from any one "accident" is the Limit of Insurance for the Liability Coverage shown in the Declarations.

All "bodily injury", "property damage" and "covered pollution cost or expense" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

…

5

### SECTION VI – DEFINITIONS

A. "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

…

C. "Bodily Injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these.

(*Exhibit 2*, Motor Carrier Coverage Form, Form CA 00 20 03 10, pp. 2-3, 6, 12.)

### *C&G Policy*

20. Sentry issued Policy Number CT751827003 to C&G Express, LLC for the period of January 1, 2014 to January 1, 2015 (hereinafter the "C&G Policy"). A certified copy of the C&G Policy is attached hereto as *Exhibit 3*.

21. Sentry issued the C&G Policy to C&G Express, LLC, PO Box 8358, Saint Louis, Missouri 63132.

22. The C&G Policy contains Commercial General Liability Coverage, Commercial Automobile Coverage, and Commercial Inland Marine Coverage.

23. The limit of liability for Commercial Auto Coverage, as designated in the Declarations page, is $1,000,000.

24. The Commercial Auto portion of the C&G Policy, designated as "Motor Carrier Coverage Form," is identical to the provisions of the Long Run Policy cited *supra*, and provides, in relevant part:

### SECTION II – LIABILITY COVERAGE

A. Coverage

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused

6

5892915.1

by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

…

We will have the right and the duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

…

**C. Limit Of Insurance**

Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for the total of all damages and "covered pollution cost or expense" combined, resulting from any one "accident" is the Limit of Insurance for the Liability Coverage shown in the Declarations.

All "bodily injury", "property damage" and "covered pollution cost or expense" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

…

**SECTION VI – DEFINITIONS**

**A.** "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

…

**C.** "Bodily Injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these.

(*Exhibit 3*, Motor Carrier Coverage Form, Form CA 00 20 03 10, pp. 2-3, 6, 12.)

**Underlying Lawsuit**

25. Steven Holdeman and Sarah Holdeman filed an action against Philip Stratman and Roger Brown in the Circuit Court of Jackson County, Missouri, Case No. 1416-cv24925

7

5892915.1

(hereinafter the "Underlying Lawsuit") arising from a vehicle collision involving Steven Holdeman, Philip Stratman, and Brown on February 13, 2014 ("Accident"), allegedly resulting in injuries to Steven Holdeman and Philip Stratman.

26.  According to the Stratmans' Third-Party Petition, at the time of the Accident, Brown was an employee of C&G Express, LLC.  (*Exhibit 1*, at ¶ 17.)

27.  According to the Stratmans' Third-Party Petition, at the time of the Accident, C&G Express, LLC and Long Run Express, LLC were motor carriers for the load driven by Brown.  (*Exhibit 1*, at ¶ 15.)

28.  According to the Stratmans' Third-Party Petition, at the time of the Accident, C&G Express, LLC, had executed a broker-carrier agreement with the broker with respect to the cargo hauled by Brown at the time of the Accident. (*Exhibit 1*, at ¶¶ 19, 12.)

29.  According to the Stratmans' Third-Party Petition, at the time of the Accident, Long Run Express, LLC, had executed a broker-carrier agreement with the broker with respect to the cargo hauled by Brown at the time of the Accident. (*Exhibit 1*, at ¶¶ 20, 12.)

30.  According to the Stratmans' Third-Party Petition, at the time of the Accident, the trailer Brown was transporting was owned by XTRA Lease and under lease to Long Run Express, LLC.  (*Exhibit 1*, at ¶¶ 21 and 23.)

31.  Prior to commencement of the Underlying Lawsuit, Sentry, Sarah Holdeman, Phillip Stratman, and Kathy Stratman entered into a settlement agreement under § 537.065, R.S.Mo. and pursuant to the Long Run Policy.

32.  At or about the same time, and also prior to commencement of the Underlying Lawsuit, Sentry and Steven Holdeman entered into a settlement agreement under § 537.065, R.S.Mo. and pursuant to the C&G Policy (collectively the "Settlement Agreements").

33. The terms of the Settlement Agreements are generally confidential. Sentry agreed to pay the $1,000,000 policy limit under the Long Run Policy and the $1,000,000 policy limit under the C&G Policy pursuant to the terms of the Settlement Agreements for an aggregate total payment of $2, 000,000.

34. Following execution of the Settlement Agreements, Sentry tendered payment of $2,000,000 in accordance with, and as apportioned by, the terms of the Settlement Agreements.

35. On or about October 21, 2014, Steven Holdeman and Sarah Holdeman commenced the Underlying Lawsuit.

**Third-Party Petition**

36. On or about January 7, 2015, Philip Stratman and Kathy Stratman filed a Third-Party Petition in the Underlying Lawsuit against defendants Haris Trokic, C&G Express, LLC, Long Run Express, LLC, and XTRA Lease, LLC, (hereinafter "Third-Party Defendants"), a counterclaim against Steve Holdeman, and a cross-claim against Roger Brown.

37. In their Third-Party Petition, the Stratmans contend the Third-Party Defendants are liable for personal injuries suffered by Philip Stratman in the Accident, and for alleged corresponding consortium damages suffered by Kathy Stratman. (*See generally Exhibit 1*.)

38. Following the Third-Party Petition, one or more of the Third-Party Defendants have requested Sentry provide indemnity or a defense pursuant to the Long Run Policy and/or C&G Policy against the allegations made in the Stratmans' Third-Party Petition.

**Holdemans' Proposed Amended Petition**

39. On or about March 30, 2015, Steven and Sarah Holdeman, plaintiffs in the Underlying Lawsuit, filed their Motion for Leave to File an Amended Petition to assert claims against Third-Party Defendants Haris Trokic, C&G Express, LLC, Long Run Express, LLC, and

9

5892915.1

XTRA Lease, LLC, and attaching a proposed Amended Personal Injury Petition ("Amended Petition"). (*Motion for Leave to Amend Petition,* attached hereto as *Exhibit 4,* and Holdemans' proposed Amended Petition, attached as Exhibit 1 to Motion for Leave).

40.  In their proposed Amended Petition, the Holdemans contend Haris Trokic, C&G Express, LLC, Long Run Express, LLC, and XTRA Lease, LLC, in addition to previously named defendants Roger Brown and Philip Stratman, are liable for personal injuries suffered by Philip Stratman in the Accident, and for alleged corresponding consortium damages suffered by Kathy Stratman. (*See generally Exhibit 4.*)

41.  On April 1, 2015, the court in the Underlying Lawsuit granted the Holdemans' Motion for Leave and ordered the Holdemans to file their Amended Petition within ten (10) days. (*Order Granting Motion for Leave,* attached hereto as *Exhibit 5.*)

## CLAIM FOR RELIEF

42.  By paying $1,000,000 under the Long Run Policy and $1,000,000 under the C&G Policy, Sentry exhausted each policy's respective policy limit, and Sentry has no further duty to indemnify any insured for any claim arising out of the facts alleged in the Underlying Lawsuit, the Stratmans' Third-Party Petition, or the Holdemans' Amended Petition.

43.  Because Sentry has exhausted the policy limits of the Long Run Policy and the C&G Policy, Sentry has no duty to provide a defense to any party to the Underlying Lawsuit, including any Third-Party Defendant named in the Stratmans' Third-Party Petition or Defendant named in the Holdemans' Amended Petition.

44.  Accordingly, there is a current case and controversy between the parties to this action.

5892915.1

45. A judicial determination is necessary and appropriate at this time so that Sentry, Haris Trokic, C&G Express, LLC, Long Run Express, LLC, XTRA Lease, LLC, and Brown, may ascertain their respective rights and duties under the Long Run Policy and the C&G Policy.

WHEREFORE, Sentry demands judgment as follows:

A. For a declaration that Sentry owes no duty to defend or indemnify any insured or potential insured under the Long Run Policy and C&G Policy, including but not limited to Haris Trokic, C&G Express, LLC, Long Run Express, LLC, XTRA Lease, LLC, and Brown, for any and all claims arising out of and/or related to the Accident, the Underlying Lawsuit, the Stratmans' Third-Party Petition, or the Holdemans' Amended Petition;

B. For its costs and disbursements arising out of this action as provided by law; and

C. For such other and further relief as the Court deems just and proper.

SANDBERG PHOENIX & von GONTARD P.C.

By: /s/ Aaron D. French
John S. Sandberg, #22664MO
Aaron D. French, #50759MO
Meghan E. Lewis, #62177MO
600 Washington Avenue - 15th Floor
St. Louis, MO  63101-1313
314-231-3332
314-241-7604 (Fax)
Email: jsandberg@sandbergphoenix.com
        afrench@sandbergphoenix.com
        mlewis@sandbergphoenix.com

*Attorneys for Plaintiff*
*Sentry Select Insurance Company*

5892915.1