**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SENTRY SELECT INSURANCE** | ) | |
| **COMPANY,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| **v.** | ) | 4:15-cv-00564 |
| | ) | |
| **STEVEN HOLDEMAN, et al.** | ) | |
| | ) | |
| Defendants | ) | |

**DEFENDANTS PHILIP AND KATHY STRATMAN'S *SUPPLEMENTAL*
MEMORANDUM IN OPPOSITION TO PLAINTIFF SENTRY SELECT INSURANCE
COMPANY'S MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE,
DEFENDANTS PHILIP AND KATHY STRATMAN'S MOTION TO STAY/DEFER
PLAINTIFF SENTRY SELECT INSURANCE COMPANY'S MOTION FOR SUMMARY
JUDGMENT UNTIL DEPOSITIONS ARE COMPLETED**

On December 7, 2015, the Court held a hearing concerning Plaintiff Sentry Select

Insurance Company's ("Sentry") Motion for Summary Judgment in which both counsel for

Sentry and Defendants Philip and Kathy Stratman ("the Stratmans") appeared. On December 8,

2015, the Court entered its Order that the Stratmans were to propound interrogatories to Sentry,

which the Stratmans did accordingly. **Sentry then responded to nearly all of the**

**interrogatories with blanket, boilerplate objections and with answers that contained the**

**preface of "without waving objection."[1]** *See Exhibit A – Sentry's Responses to Defendant*

*Philip Stratman's First Interrogatories.* The Court's Order states that the parties shall notify the

Court as to whether Sentry's Motion for Summary Judgment may be granted. Based upon the

---

[1] Courts have repeatedly found that the "without waiving objection" type of discovery response is misleading and improper. For example, see *Athridge v. Aetna Cas. & Surety Co.*, 184 F.R.D. 181, 190 (D.D.C. 1998) ("**This type of answer hides the ball.**") (emphasis added). Answering discovery subject to an objection is improper, inadequate and a tactic not contemplated by the Federal Rules of Civil Procedure. This tactic effectively allows Sentry to present incomplete, evasive and misleading answers to discovery while hiding behind an objection. This should be reason alone to strike Sentry's responses as non-responsive and allow for the taking of depositions.

fact that no meaningful discovery has taken place due to Sentry's evasive, confusing, and objection-laden responses to the Stratmans' interrogatories, the answer is clearly no, it should not be granted.

Instead, short, limited depositions of a Sentry corporate representative and its affiant (Larry Harlow) are required in order for the Stratmans (and the Court) to properly assess whether Sentry's Motion for Summary Judgment should be granted. Due to Sentry's self-serving and elusive responses, it is still unclear whether Sentry's allegation that "the C&G Policy and Long Run Policy are the only policies issued by Sentry that are applicable to claims arising out of the Accident or the resulting Underlying Lawsuit"[2] is true. Truthful answers have yet to be obtained.

The depositions of both Sentry's corporate representative and its affiant, Larry Harlow, would allow for the subject matter of Sentry's Motion for Summary Judgment to be adequately addressed, which were not answered clearly and straightforwardly in Sentry's responses to the interrogatories propounded by the Stratmans. To best aid the Stratmans (and the Court) in this matter, short, limited depositions should be taken that concern the following questions: (1) What are all the coverages? (2) Did Sentry pay all of the coverages? (3) Does Sentry owe Supplemental Payments Coverage for interest and costs?[3] and (4) Are there any other policies issued by Sentry applicable to this matter?

The facts surrounding whether a policy has been exhausted are not legal questions; they are factual ones. The Stratmans are entitled to obtain factual responses from Sentry that are not littered with objections and improper, crafty maneuvering. If Sentry did indeed perform the acts that constitute exhaustion then it should not have any issue with testifying to those claims in a deposition setting.

---

[2] Sentry's Statement of Uncontroverted Material Facts, ¶ 45.
[3] Sentry's Exhibit A, pgs. 0017-0018.

WHEREFORE, for the foregoing reasons, the Stratmans request an Order from this Court denying Sentry's Motion for Summary Judgment, or in the alternative, to stay/defer Sentry's Motion for Summary Judgment until depositions are completed, and for such other and further relief as this Court deems just, proper, or equitable.

Respectfully submitted:
ANDREW J. GELBACH P.C.

*/s/ Fred G. Branson*
Fred G. Branson        Missouri Bar No. 62079
109 E. Market St.
Warrensburg, MO 64093
Telephone:    (660) 747-5138
Facsimile:    (660) 747-8198
fred@gelbachlaw.com

and

THE LAW OFFICES OF STEVE SANDERS L.C.

*/s/ David L. Johnson*
David L. Johnson        Missouri Bar No. 61867
9800 NW Polo Ave., Suite 100
Kansas City, MO 64153-1397
Telephone:    (816) 457-6006
Facsimile:    (816) 912-4810
david@attorneystevesanders.com

ATTORNEYS FOR DEFENDANTS PHILIP
STRATMAN AND KATHY STRATMAN

## CERTIFICATE OF SERVICE

I hereby certify on this 15th day of January, 2016, I electronically filed the foregoing with the Clerk of the District Court by using the CM/ECF/PACER system which will send electronic filing to all attorneys of record.

*/s/ David L. Johnson*