UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SENTRY SELECT INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 4:15 CV 564 RWS |
| STEVEN HOLDEMAN, et al., ) ) | |
| Defendants, ) | |

**MEMORANDUM AND ORDER**

Defendants in this action are engaged in litigation in state court regarding an automobile accident. Some of the defendants in the state court case were covered by insurance policies issued by Plaintiff Sentry Select Insurance Company. Sentry seeks a declaratory judgment from this Court regarding its obligations under these policies. Sentry filed a motion for summary judgment and a motion for default judgment declaring that it has no duty to indemnify or defend any of the defendants in the underlying lawsuit. Because Sentry has provided undisputed evidence in support of its motions, I will grant its motion for summary judgment and its motion for default judgment.

*Background*

Sentry issued an insurance policy to Defendant Long Run Express LLC for the period of March 1, 2013 to March 1, 2014, Policy Number CT751117001 (the

Long Run Policy).  The limit of liability of the policy was $1,000,000.  Sentry issued a second insurance policy to Defendant C&G Express, LLC for the period January 1, 2014 to January 1, 2015, Policy Number CT751827003 (the C&G Policy).  The limit of liability of the policy was also $1,000,000.

On October 21, 2014, Defendants Steve and Sarah Holdeman filed a personal injury lawsuit against Defendant Philip Stratman and Defendant Roger Brown arising from a motor vehicle accident that occurred on February 13, 2014. The vehicles in the accident were being driven by Steve Holdeman, Philip Stratman, and Brown.  On January 7, 2015, Philip Stratman and Kathy Stratman filed a third-party claim against Defendants Haris Trokic, C&G, Long Run, and XTRA Lease, LLC for claims arising from the accident.  On April 2, 2015, the Holdemans amended their petition asserting claims against Philip Stratman, Brown, Trokic, C&G, Long Run, and XTRA Lease.

On October 3, 2014, prior to the commencement of the underlying lawsuit, Sentry paid out the limits of its policy under the Long Run Policy and under the C&G Policy for a total of $2,000,000 to the Holdemans and the Stratmans pursuant to a settlement agreement.  On April 2, 2015, Sentry filed the present complaint for a declaratory judgment in this Court.  On October 15, 2015, Sentry filed a motion

2

for summary judgment[1] seeking a declaration that it owes no further duty to indemnify or defend the Holdemans, the Stratmans, and XTRA Leasing under the Long Run policy or under the C&G Policy.

After Sentry filed its motion for summary judgement, Defendant XTRA Leasing entered into a consent judgment with Sentry [51]. The Holdemans have not opposed Sentry's motion for summary judgment. The Stratmans opposed Sentry's motion and sought further discovery. I granted that motion and the Stratmans propounded interrogatories to Sentry. Rather than posing, as I was lead to believe, interrogatories regarding any additional policies Sentry may have issued which would cover the accident at issue, the Stratmans sought interpretations of the Long Run and the C&G policies regarding costs, prejudgment interest, and post-judgment interest. Sentry responded to that discovery and filed a response to the Stratmans' ongoing opposition to summary judgment on January 15, 2016.

*Legal Standard*

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Lynn v. Deaconess Medical Center, 160 F.3d 484, 486 (8th Cir. 1998)(citing Fed. R. Civ. P. 56(c)). The party seeking summary judgment bears the initial

---

[1] Sentry contemporaneously filed a motion for default judgment against Defendants Haris Trokic, C&G Express, LLC, Long Run Express, LLC, and Roger Brown which will be granted for the same reason I am granting Sentry's motion for summary judgment.

responsibility of informing the court of the basis of its motion and identifying those portions of the affidavits, pleadings, depositions, answers to interrogatories, and admissions on file which it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When such a motion is made and supported by the movant, the nonmoving party may not rest on his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof. Id. at 324. In resisting a properly supported motion for summary judgment, the plaintiff has an affirmative burden to designate specific facts creating a triable controversy. Crossley v. Georgia Pacific Corp., 355 F.3d 1112, 1113 (8th Cir. 2004).

*Analysis*

The undisputed evidence in this matter establishes that Sentry paid the limit of its liability ($2,000,000) under the Long Run and C&G policies to the Holdemans and the Stratmans prior to the filing of the underlying lawsuit in state court. Sentry's payment of the limit of liability of the policies extinguished any further duty to indemnify or defend any claims under the policies. Sentry seeks summary judgment declaring it has no further duty under these policies to indemnify or defend any Defendant in the present lawsuit relating to the accident at issue. Sentry is entitled to such a judgment.

4

The issues explored by the Stratmans in their interrogatories regarding costs, prejudgment interest and post-judgment coverages are moot. Because Sentry paid out the limits of the policies before the commencement of the underlying lawsuit, it does not owe any remaining duties to any Sentry insured. As a result, I will grant Sentry's motion for summary judgment.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff Sentry Select Insurance Company's motion for summary judgment against Defendants Steve and Sarah Holdeman and Philip Stratman and Kathy Stratman [44] is **GRANTED**.

**IT IS FURTHER ORDERED that** Plaintiff Sentry Select Insurance Company's motion for default judgment against Defendants Haris Trokic, C&G Express, LLC, Long Run Express, LLC, and Roger Brown [42] is **GRANTED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 25th day of February, 2016.